**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| THE HOUSEHOLDER GROUP, LLLP, an Arizona limited liability limited partnership,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CHARLES VAN MASON, an individual; JEFF DEBOER, an individual, and ROBERT BURKARTH, an individual,<br><br>　　　　Defendants. | CV 09-2370-PHX-MHM<br>CV 10-0918-PHX-MHM<br>(Consolidated)<br><br><br><br>**ORDER** |

Currently before the Court is Defendants Charles Van Mason, Jeff Deboer, and Robert Burkarth's Partial Motion for Summary Judgment. (Doc. 38). Having carefully considered the Parties' pleadings and determined that oral argument is unnecessary, the Court issues the following Order.

**I.　BACKGROUND**

Plaintiff The Householder Group brought this suit on November 12, 2009, alleging seven causes of action against Defendants Charles Van Mason and Jeff DeBoer. (Doc. 1). Numerous of those causes of action stem from separate, but virtually identical, agreements ("Agreement") entered into between the Defendants and Plaintiff. (Doc. 1, Complaint). It appears to be undisputed that the Agreement included a provision which required the Defendants to pay a sum of money, as liquidated damages, equal to sixty percent of the

1  Defendants' gross revenues generated for the last full year of their Agreement should they
2  terminate the Agreement prematurely. (Complaint, Exh. 2 & 3, ¶XI). Plaintiff seeks
3  recovery of liquidated damages pursuant to the Agreement as part of their breach of contract
4  claims against Defendants (Claims for Relief 1-5).

5        On May 21, 2010, the Court, to promote consistency and judicial economy,
6  consolidated this case with CV-10-0918-MHM, adding Defendant Robert Burkarth, as it
7  addressed questions of law and fact common to the instant case. (Doc. 36). Prior to doing
8  so, however, the Court had authorized Defendants Van Mason and DeBoer to file a motion
9  for partial summary judgment concerning only the issue of liquidated damages. (Doc. 30).
10 Shortly thereafter, on June 16, 2010, Defendants filed the Motion for Partial Summary
11 Judgement that is the subject of this Order. Plaintiff responded on July 16, 2010, (Doc. 44),
12 and the motion became fully briefed on August 2, 2010, when Defendants filed their reply
13 memorandum. (Doc. 45).

14       In their motion, Defendants argue that partial summary judgement is appropriate based
15 on the doctrine of collateral estoppel. Specifically, Defendants contend that the doctrine of
16 collateral estoppel bars Plaintiff from re-litigating the Northern District of California Court's
17 finding in The Householder Group LLLP v. Fuss, CV-07-00573-SI, that the liquidated
18 damages clause in the Agreement is an unenforceable penalty and, therefore, unlawful under
19 Arizona law. In its response, Plaintiff concedes that there are no material facts in dispute and
20 does not dispute Defendants' articulation of the standard for summary judgment or
21 Defendants' recitation or application of the elements of collateral estoppel. In other words,
22 Plaintiff does not deny that the Fuss court previously addressed the legality of the liquidated
23 damages clause at issue in this case and, therefore, if this Court finds that the Fuss court's
24 order has a preclusive effect, it should grant Defendants' motion for partial summary
25 judgment. Instead, Plaintiff's opposition to Defendants' motion turns on a single and narrow
26 issue of law: whether the partial summary judgment Order issued in Fuss has preclusive
27 effect under the doctrine of collateral estoppel.

28

## II.     DISCUSSION

In support of its argument, Plaintiff relies primarily on a single Ninth Circuit case, St. Paul Fire & Marine Ins. v. F.H., 55 F.3d 1420 (9th Cir.1995). In St. Paul, the Court of Appeals considered the same legal question at issue in this case: whether an adverse partial summary judgment ruling in a case that previously settled prior to entry of final judgment collaterally estopped the plaintiffs from re-litigating the same issue. The St. Paul Court ultimately decided that it did not, and Plaintiff argues that the Ninth Circuit's holding constitutes a firm rule concerning the preclusive effect of partial summary judgment orders in cases that settle: partial summary judgment orders that are not final, are not sufficiently firm for the purposes of collateral estoppel. Defendants disagree, citing to a more recent Northern District of California case in which the district court found preclusive a partial summary judgment motion in a case that settled. Security People, Inc. v. Medeco Sec. Locks, Inc., 59 F. Supp. 2d 1040, 1044–45 (N.D. Cal. 1999). They argue that Security People represents an advancement in this circuit's law towards relaxing the standards for collateral estoppel and that its result, not St. Paul's, should control the outcome of this motion.

In Luben Industries, Inc. v. United States, 707 F.2d 1037, 1040 (9th Cir. 1983), the Ninth Circuit set forth the applicable legal standard for determining if a particular decision should be given preclusive effect in a future case. Citing to the Restatement (Second) of Judgements, the Court of Appeals stated that "[a] 'final judgment' for purposes of collateral estoppel can be any prior adjudication of an issue in another action that is determined to be 'sufficiently firm' to be accorded conclusive effect. Id. The Luben Industries Court also set forth a number of factors that are relevant to a court's determination concerning whether a prior adjudication is sufficiently firm to be given conclusive effect. Id. In making such a determination, a court may consider: "(1) whether the decision was not avowedly tentative, (2) whether the parties were fully heard, (3) whether the court supported its decision with a reasoned opinion, and (4) whether the decision was subject to an appeal." Security People, Inc. v. Medeco Sec. Locks, Inc., 59 F. Supp. 2d 1040, 1045 (N.D. Cal. 1999) (citing Luben

- 3 -

1  Indus., 707 F.2d at 1040 (quoting Restatement 2nd of Judgments, § 13, cmt. g)).

2      The Security People Court applied the Luben Industries factors, finding that the first
3  three mitigated in favor of giving the partial summary judgment order in question preclusive
4  effect. In reaching its decision, however, the district court did address the fourth factor;
5  whether the decision was subject to an appeal. More importantly, however, the district court
6  neither cited to nor made reference to the Ninth Circuit's decision in St. Paul. This omission
7  is important, as the St. Paul decision, while stopping short of articulating a black and white
8  rule, strongly suggests that partial summary judgment orders by their very nature are not
9  sufficiently firm to have a preclusive effect on any future proceedings. Indeed, the St. Paul
10 Court could not say that "the [partial summary judgment at issue] was 'sufficiently firm to
11 be accorded conclusive effect,'" based entirely on the fact that: (1) "The partial summary
12 judgment was not a final judgment,"; (2) "as a partial summary judgment, it could not have
13 been appealed by [the defendants] when it was entered,"; (3) "[the partial summary
14 judgment] was subject to reconsideration on proper motion,"; and (4) "[t]he court could, on
15 its own initiative, revise the [summary judgment] order at any time before judgment." Id.
16 In reaching its decision, however, the St. Paul Court made no reference to the Luben
17 Industries factors, despite applying the sufficiently firm standard.

18     Given the nearly identical factual posture of St. Paul and Security People, the
19 discrepancy in both reasoning and results makes this Court's job difficult. On the one hand,
20 the three Luben Industries factors on which the Security People Court relied are present in
21 the Fuss case. The district court's opinion was not tentative, the parties appear to have been
22 fully heard, and the Court provided them with a well reasoned and detailed explanation for
23 its decision, (Doc. 39, Exh. D). On the other hand, the Fuss partial summary judgment
24 order also embodies three of the four factors the St Paul Court found determinative. The
25 Fuss order is not a final judgment, it could not have been appealed, and it was subject to
26 revision by the district court. The only difference between the Fuss order and the one in St.
27 Paul is that the Fuss plaintiff filed a motion for reconsideration, which the district court
28 summarily denied. (Doc. 39, Exh. J). While the motion for reconsideration in Fuss

1  distinguishes the instant case somewhat from St. Paul, it does not change the fact that this
2  Court is bound by the Ninth Circuit, not the decisions of its fellow district courts.  This
3  Court, therefore, cannot simply ignore St. Paul, which presents a nearly identical fact pattern
4  and is, most importantly, a Ninth Circuit case.[1] The Ninth Circuit's language concerning the
5  non-preclusive effect of a the partial summary judgment order is both forceful and general
6  in nature, and strongly suggests that the opportunity to appeal and the finality of an order are
7  important, if not the most important, considerations for a district court.[2]  See also Weule v.
8  Nordstrom (In re Nordstrom), 8 Fed. Appx. 823, 828 (9th Cir. Cal. 2001) ("[T]he state court's
9  earlier order granting Weule's motion for summary adjudication does not preclude the
10 bankruptcy court's independent consideration of any issue . . .  we cannot give collateral

---

[1] The other Ninth Circuit cases on which Defendants rely to support their position that the Ninth Circuit has relaxed its collateral estoppel doctrine since St. Paul are inapposite. In Steen v. John Hancock Life Ins. Co., 106 F.3d 904, 912 (9th Cir. 1997), the Ninth Circuit stated that "the determination of an issue on a motion for judgment on the pleadings or a motion for summary judgment is sufficient to satisfy the "litigated" requirement for collateral estoppel." This is undoubtedly true, but does not address the issue before this court; the effect of a summary judgment decision when the case itself does not go to final judgment. In Steen the summary judgment order at issue appears to have stemmed from a case that had been fully litigated to a final judgment, not one that settled. See id. at 908–09 (setting forth the factual and procedural history). Likewise, in Papadakis v. Zelis (In re Zelis), the other case on which Defendants rely, the Ninth Circuit gave preclusive effect to an issue decided in a motion to dismiss. 66 F.3d 205, 209 (9th Cir. 1995) The motion to dismiss in In re Zelis, however, resulted in entry of judgment, distinguishing it from the instant case. Id. at 207–208. Accordingly, in both Steen and In re Zelis, the issues of finality and opportunity for appeal so heavily relied upon by the St. Paul court were not present.

[2] The paramount importance of the ability to appeal is also suggested in Luben Industries. Applying the "sufficiently firm" standard, the Luben Industries Court concluded that the interlocutory opinion in question was not sufficiently firm to give it collateral estoppel effect because "although the [prior] opinion does not appear to be tentative, it could not have been the subject of an appeal at the time the instant case was decided in the District Court." Luben Industries, 707 F.2d at 1040   Additionally, the Court noted that "the Government did not have a 'full and fair opportunity to litigate' its claim because it could not appeal the interlocutory memorandum." Id.; see Parklane Hosiery Co. v. Shore, 439 U.S. 322, 331-33 (1979) (stating that a defendant who has a "full and fair" opportunity to litigate an issue in one action may be barred from re-litigating the same issue in another action brought by a different party).

1 estoppel effect to this interlocutory order because there was no final judgment on the merits
2 against Nordstrom."); RE/MAX Int'l, Inc. v. Equity Max Realty, Inc., 2007 U.S. Dist. LEXIS
3 24713 (S.D. Cal. Apr. 3, 2007) (finding declaratory judgment not sufficiently firm based on
4 St. Paul because "it could not be appealed as of the date of this Order, and because it is
5 subject to reconsideration, it does not constitute a "final judgment" for the purposes of
6 collateral estoppel."). It also represents the most recent statement by the Ninth Circuit on the
7 issue to date; a statement this Court is bound to follow, especially in light of the fact that the
8 Federal Circuit, not the Ninth Circuit, affirmed Security People, and did so *per curiam* and
9 without comment on the estoppel issue. Security People, Inc. v. Medeco Sec. Locks, Inc.,
10 243 F.3d 555 (Fed. Cir. 2000).

**III.   CONCLUSION**

In short, although Luben Industries counsels this Court to consider a wide range of factors in determining the preclusive effect of an interlocutory Order, St. Paul, strongly suggests that in the context of a partial summary judgment motion stemming from a case that settled, some considerations are more important than others. Absent other persuasive Ninth Circuit authority, this Court must follow St. Paul. Defendants' motion is therefore denied; the Fuss Order is not entitled to any preclusive effect with respect to the issue of the legality of the liquidated damages in the Agreement.

**Accordingly,**

**IT IS HEREBY ORDERED** denying Defendants' Motion for Partial Summary Judgment. (Doc. 38).

/ / /

1  **IT IS FURTHER ORDERED** denying Defendants' Motion for Oral Argument.
2  (Doc. 42).

3  DATED this 7th day of December, 2010.

_____
Mary H. Murgula
United States District Judge